UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MAX E. LEMON, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CV-2009 KHV/DJW |
| ) | _____ |
| UNION PACIFIC RAILROAD COMPANY, ) | |
| a Corporation, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Max E. Lemon, Jr., plaintiff, for his cause of action against the Union Pacific Railroad Company, defendant, states the following:

### **PARTIES, JURISDICTION AND VENUE**

1. This action is brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq.* (FELA), and the Federal Regulations promulgated pursuant to those acts. Jurisdiction and venue are proper pursuant to 45 U.S.C. § 56.

2. Plaintiff Max E. Lemon, Jr., resides at 36649 Maple Hill Road, Maple Hill, Kansas 66507.

3. Defendant Union Pacific Railroad Company is, and was at all times relevant, a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and

engaged in interstate commerce by railroad, with corporate headquarters located at Omaha Nebraska.

4. Defendant operates trains in the transportation of freight in and between the states of Missouri and Kansas, and other states, and, at all relevant times mentioned, is and was engaged in business in the State of Kansas. Defendant's registered agent for service of process is: The Corporation Company, Inc., 515 S. Kansas Avenue, Topeka, KS 66603.

## ALLEGATONS

5. In March, 2006, and for a long time prior thereto, plaintiff was employed by and working for defendant as a track laborer/machine operator. Parts of plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and on March 14, 2006, plaintiff was employed by and engaged with the defendant in interstate commerce.

6. On March 14, 2006, while plaintiff was engaged in interstate commerce with and working for defendant as a track laborer at Emmett, Kansas, it became and was his duty to repair a weld on the steel pipe of a boom rest on the back of one of defendant's boom trucks. In order to repair the weld, plaintiff was required to smooth the edges of the steel pipe by grinding them with a hydraulic grinder. As plaintiff was so engaged in the course and scope of his employment, the grinding stone exploded into pieces. One of the pieces flew into plaintiff's right lower leg and became embedded and, as a direct result thereof, plaintiff sustained permanent, painful, disabling and disfiguring injuries hereinafter described.

7. At all times material hereto, defendant was under a duty to furnish and provide plaintiff with a reasonably safe place to work, with reasonably safe conditions for work, with reasonably safe appliances for work and with reasonably safe methods of work.

8. Plaintiff's injuries and damages were directly caused, in whole or in part by the negligent acts or omissions of the defendant in one or more of the following respects, to-wit:

    a. they provided plaintiff with a hydraulic grinder that was old, defective, in a state of disrepair and unsafe to use;

    b. they failed to provide plaintiff with reasonably adequate warnings that the subject hydraulic grinder was old, in a state of disrepair and unsafe to use;

    c. they provided plaintiff with a hydraulic grinder that was missing the grinding wheel guard and missing a handle;

    d. they failed to provide plaintiff with reasonably adequate warnings that the subject hydraulic grinder was missing the grinding wheel guard and missing a handle;

    e. they failed to provide plaintiff with an operating manual for the subject hydraulic grinder;

    f. they failed to provide reasonably adequate inspection, maintenance and repair of the subject hydraulic grinder;

    g. they provided plaintiff with a grinding wheel that was not compatible with the subject hydraulic grinder that was provided by defendant;

h. they failed to provide reasonably adequate warnings that the subject grinding wheel was not compatible with the hydraulic grinder that was provided by defendant;

i. they failed to promulgate and enforce reasonable safety rules, customs, policies, practices and procedures for the use of hydraulic grinders in general and the subject hydraulic grinder in particular;

j. they failed to provide its employees with reasonably adequate instruction, education, training and guidance in the use of hydraulic grinders in general and the subject hydraulic grinder in particular;

k. they provided plaintiff with a boom truck with a pole for the boom rest that was defective, in a state of disrepair and unsafe to use.

l. they failed to warn plaintiff that the subject boom rest pole was defective, in a state of disrepair and unsafe to use;

m. they provided plaintiff with a boom truck that had a pole for the boom rest that was not adequate for the weight of the boom;

n. they failed to warn plaintiff that the subject boom rest pole was not adequate for the weight of the boom;

o. they provided plaintiff with a pole for the boom rest that had previously broken and had been welded back together; and,

p. they failed to provide plaintiff with a boom truck with a reasonably adequate pole for the boom rest that was designed to withstand the weight of the boom rest and to withstand the work for which it was being used.

8.     Each of the defendant's above-described acts or omissions constitutes negligence.

9.     By reason of the foregoing acts or omissions, the defendant knew or, in the exercise of ordinary care, should have known that it was reasonably likely that employees, including plaintiff, would be injured thereby.

10.    As a direct result of the foregoing negligent acts or omissions of the defendant, plaintiff suffered injuries to his right lower leg, including open comminuted fracture of the right tibial shaft.  These injuries have required plaintiff to undergo extensive medical treatment, including multiple surgical procedures and physical therapy.  Plaintiff will in the future require extensive medical treatment, possible surgery and physical therapy.  The strength, use and function of plaintiff's body and right leg, and plaintiff's general health and strength have been permanently weakened, diminished and impaired.  Plaintiff has suffered and will ever suffer severe physical pain and mental anguish.  Plaintiff's injuries are disfiguring and cause embarrassment.  Prior to these injuries, plaintiff was a strong, able-bodied man, capable of earning and actually earning a substantial wage.

11.    On account of the aforementioned injuries, plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past and future lost wages; b) diminished earning capacity; c) past and future medical expenses; d) past and future pain and suffering; e) past and future lost fringe benefits; f) past and future loss of ability to perform household services; g) disfigurement; h) diminished ability to enjoy the normal pursuits of life.

WHEREFORE, plaintiff prays judgment against the defendant in an amount exceeding $75,000, for pre-judgment and post-judgment interest allowed by law, for all relief allowed under FELA not specifically requested in this Complaint; for his costs incurred in bringing this action; and for all other relief deemed just and proper by this Court.

## JURY TRIAL DEMAND AND DESIGNATION

Under Fed.R.Civ.P. 38, the plaintiff demands a trial by jury.  Under Local Rule 40.2, plaintiff designates Kansas City, Kansas as the place for trial.

        Respectfully submitted,

        s/ Kenneth E. Barnes
        Bar No. 19381
        Attorney for Plaintiff Max E. Lemon, Jr.
        THE BARNES LAW FIRM, L.L.C.
        City Center Square
        1100 Main Street, Suite 2600
        Kansas City, MO 64105
        Telephone:   816.876.2600
        Fax:           816.221.8763
        Email:         kbarnes@barnesfirmllc.com